**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JAMAHL SIMMONS, : | |
| *Plaintiff*, : | |
| : | CIVIL ACTION |
| v. : | NO. 19-2954 |
| : | |
| MICHAEL T. DONOVAN and : | |
| ZANE D. MEMEGER, : | |
| *Defendants*. : | |

<u>MEMORANDUM</u>

JONES, II  J.                                                                                               March 5, 2021

## I.     INTRODUCTION

In 2016, Jamahl Simmons ("Plaintiff") was convicted of felony drug and gun charges and received a 300 month sentence. *See United States v. Simmons*, No. 13-cr-669 (E.D. Pa.) (Jones, J.) [hereinafter the "Criminal Action"]. Plaintiff brings the present actions against Assistant United States Attorney, Michael T. Donovan, and former United States Attorney, Zane D. Memeger, ("Defendants") alleging they committed various unspecified constitutional violations throughout the criminal trial and that this Court, as a federal entity, had a conflict of interest, thereby rendering his criminal sentence null and void. Additionally, Plaintiff, for the <u>third</u> time, challenges this Court's jurisdiction over him in the Criminal Action because he allegedly identifies as a "stateless person" and has discharged his birth certificate.

Defendants bring the present Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) arguing that a motion filed under 28 U.S.C. § 2255 is the sole avenue for Plaintiff to raise any challenges, including jurisdictional, to the Criminal Action. Additionally, even if Plaintiff was able to bring a timely § 2255 motion, his Complaint, for the third time, fails to state a claim upon which relief can be granted. For the reasons stated herein, Defendants' Motion is granted, and Plaintiff's Complaint is dismissed with prejudice.

II.     **STATEMENT OF FACTS**

   A.   **Plaintiff's 2015-2016 Criminal Action**

In October 2015, a jury found Plaintiff guilty on federal drug and firearms charges. He was sentenced in April 2016 to a term of imprisonment of 300 months. Almost immediately after his sentencing, Plaintiff began the appeals process. First, in May 2016, Plaintiff appealed the judgment challenging, among other things, the Court's jurisdiction over both his person and property. Pro Se Notice of Appeal, Criminal Action Docket ECF No. 318, ¶¶ II.1-5, 15; Pro Se Notice of Appeal ECF No. 321. He claimed the judgment was "void from inception to fraud underling such judgment, failure to disclose plenary authority, and lack of jurisdiction." Pro Se Notice of Appeal, Criminal Action Docket ECF No. 318, ¶ II.19. Despite these allegations, Plaintiff asked the Third Circuit to dismiss this appeal in June 2017. *See United States v. Simmons*, No. 16-cv-2394 (3d Cir.). Plaintiff also filed a mandamus petition in August 2016, but the Third Circuit denied this appeal. *See In re: Jamahl Simmons*, No. 16-cv-4099 (3d Cir.).

In addition to these appeals, Plaintiff also filed numerous post-trial motions, none of which were made under § 2255 and only one of which was successful. Since these motions, Plaintiff has also filed three (3) separate civil actions in this Court challenging his criminal conviction, again, none of which were filed as § 2255 petitions.

   B.  **Plaintiff's 2016 Civil Action**

In September 2016. Plaintiff filed a civil action against then U.S. Attorney, Zane Memeger, former Assistant U.S. Attorney, Sozi Tulante, and the "Philadelphia director/head" of the United States Postal Inspection Service based upon the investigation, arrest, and conviction in his Criminal Action. *See Simmons v. United States Attorney et al.*, 16-cv-5033 (E.D. Pa.) (Jones, J.) [hereinafter the "2016 Civil Action"). Plaintiff alleged violations of numerous, unspecified federal, state, and "common jural" rights in the course of the seizure and forfeiture of his property, and over the

course of the Criminal Action trial, stated the Constitution, 42 U.S.C. § 1988, and the Civil Rights Act were disregarded. *See* Compl., 2016 Civil Action ECF No. 3. The United States, on behalf of the defendants, moved to dismiss all claims. Mot. to Dismiss, 2016 Civil Action ECF No. 28. Instead of responding to that motion, Plaintiff withdrew his Complaint and told the Court he intended to "exercise his right to pursue his remedy by other means." Mot. to Withdraw Compl., 2016 Civil Action ECF No. 34.

### C. Plaintiff's 2018 Civil Action

In February 2018, Plaintiff brought a second civil action against the "State of Pennsylvania d/b/a [then United States Attorney] Louis D. Lappen." *See Simmons v. Pennsylvania d/b/a Louis D. Lappen*, No. 18-cv-873 (E.D. Pa.) (Kearney, J.) [hereinafter the "2018 Civil Action"]. "Although [Plaintiff's] claims were incoherent and lacked detail, his complaint clearly sought to challenge his federal conviction by disputing the District Court's jurisdiction over criminal cases, including his own." *Simmons v. Pennsylvania*, 731 Fed. App'x 160, 161 (3d Cir. 2018). On February 28, 2018, United States District Judge Mark A. Kearney dismissed the complaint *sua sponte*. As Judge Kearney noted, a petition under § 2255 is the "exclusive means by which a federal prisoner can challenge a conviction or sentence that allegedly is in violation of the Constitution or federal laws or that is otherwise subject to collateral attack." *See* Order, 2018 Civil Action ECF No. 2, 1-2 n.1. Judge Kearney then expressly noted that his order was "without prejudice to Mr. Simmons to timely file a Petition under 28 U.S.C. § 2255 to be assigned to the trial judge, Honorable C. Darnell Jones, II[.]" *Id*. at 1.

Rather than accepting Judge Kearney's leave to timely file a § 2255 petition, Plaintiff filed a Motion for Reconsideration. *See* Mot. for Reconsideration, 2018 Civil Action ECF No. 4. On March 13, 2018, Judge Kearney denied Plaintiff's request, again reminding him Plaintiff that his claims should be pursed as a § 2255 habeas petition to the Criminal Action. *See* Order, 2018 Civil

Action ECF No. 5.  Ignoring Judge Kearney's guidance a second time, Plaintiff appealed his denial to the Third Circuit.

The Third Circuit affirmed Judge Kearney's ruling, specifically finding that the District Court properly dismissed the complaint "because a motion filed under § 2255 in the sentencing court is the means for a federal prisoner to challenge the validity of his conviction or sentence." *Simmons*, 731 Fed. App'x at 161 (citing *Davis v. United States*, 417 U.S. 333, 345-346 (1974)). Notwithstanding the categorization of Plaintiff's claims as "frivolous," the Court urged Plaintiff to consider asserting his claims in a § 2255 petition, and given the statute of limitations, to do so quickly.  *Id*. at 161 n.2, 162 n.5.  As is the pattern with Plaintiff, instead of following the Third Circuit's explicit guidance, he petitioned the United States Supreme Court for certiorari which was denied on January 14, 2019.  *See Simmons v. Pennsylvania*, 139 S. Ct. 921 (2019).

### D.  Plaintiff's Present Civil Action

After the Supreme Court's denial, Plaintiff filed the present, third civil action on July 5, 2019.  Compl. ECF No. 1.  Plaintiff's present claim is nearly identical to his 2018 Civil Action except with different defendants.  He seeks relief from the Criminal Action based on the "unlaw acts of Jurisdictional Enforcement and Due Process violations that were orchestrated[.]"  Compl. 15.  Among other things, Plaintiff claims he is not subject to federal jurisdiction because he has discharged his birth certificate and, by virtue of filings under the Uniform Commercial Code, freed himself of all legal obligations.

### III.   PROCEDURAL HISTORY

On July 5, 2019, Plaintiff commenced the present action against Defendants.  *See* Compl., ECF No. 1.  On September 6, 2019, Defendants filed the present Motion to Dismiss for Failure to State a Claim [hereinafter Motion].  ECF No. 6.  Plaintiff filed a response thereto on September 23, 2019.  ECF No. 7.  Defendants' Motion is thus ripe for this Court's review.

**IV.     STANDARD OF REVIEW**

Rule 12(b)(6) provides for dismissal of a complaint, in whole or in part, for failure to state a claim upon which legal relief can be granted.  To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual material, accepted as true 'to state a claim that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).   The "factual content" in a pleading must "allow[] the court to draw the reasonable inference that defendant is liable for the misconduct alleged."  *Id*.  Though "a court must accept as true all of the allegations contained in a complaint[, this] is inapplicable to legal conclusions."  *Id*.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice [in surviving a motion to dismiss]."  *Id*.

**V.     DISCUSSION**

    **A. A § 2255 habeas petition, not a civil action, is the exclusive means by which Plaintiff can assert his allegations.**

Plaintiff claims he "cannot bring his jurisdictional challenge before the [C]ourt using either a § 2254 or a § 2255 [petition] because[] he is not 'challenging his criminal conviction[,]' [rather] he is...giving notice to all parties of interest that the original trial...is void due to the court[']s want/lack of jurisdiction from the beginning."  Response in Opposition 4.  Despite Plaintiff's attempted characterization, "challenging his criminal conviction" is the entire purpose of the present action.  *See Simmons*, 731 Fed. App'x at 161 (citing *Davis*, 417 U.S. at 345-346).  Should Plaintiff want to challenge the jurisdiction of the trial court, he would have needed to file a § 2255 petition within one (1) year of the judgment.

### B. A § 2255 habeas petition is time-barred.

Even if the Court were to construe Plaintiff's Complaint as a § 2255 petition, such a motion is time-barred.[1]  Though Plaintiff invites the Court to find that that subject matter jurisdiction may be considered at any time in the proceeding, this language is not present in 28 U.S.C. § 2255(f).  Response in Opposition 2; *see* 28 U.S.C. § 2255(f)(1),(4).  Courts have historically interpreted the § 2255 one-year statute of limitations period to apply to even jurisdictional challenges.  *See United States v. Scruggs*, 691 F.3d 660, 666-667 (5th Cir. 20120) ("Jurisdictional claims are subject to the one-year limitations period for § 2255 claims...We see no reason why a § 2255 movant hoping to raise a jurisdictional challenge to his conviction on collateral review should be excused from including the claim in his § 2255 motion[.]"); *Barreto-Barreto v. United States*, 551 F.3d 95, 100 (1st Cir. 2008) ("Nothing in the language of § 2255 suggests that jurisdictional challenges are exempt from the one-year limitations period.  To the contrary, § 2255(f) explicitly states that the limitations period 'shall apply' to all motions made under § 2255.") (citing 28 U.S.C. § 2255(f)); *United States v. Patrick*, 264 Fed. App'x 693, 695-696 (10th Cir. 2008) ("Because he contends that he was convicted without jurisdiction, [petitioner] challenges the validity of his conviction...Accordingly, the district court did not err in characterizing [his] pleading as a § 2255 motion and applying a one-year limitations period to his action.").

---

[1] Though the Third Circuit noted that Plaintiff "might be able to benefit from equitable tolling of the limitations period," as of date, Plaintiff has failed to act with the due diligence required for the Court to even consider equitable tolling.  *Simmons*, 731 Fed. App'x at 162 n.5; *see United States v. Thomas*, 713 F.3d 165, 1755 (3d Cir. 2013) (Refusing to apply equitable tolling after the plaintiff, instead of following the Court's instructions, filed a "'protracted and convoluted series of motions.'") (citing *United States v. Rinaldi*, 447 F.3d 192, 192 (3d Cir. 2006).  While pro se filings must be construed "with an eye toward their substance rather than their form," Plaintiff's duplicative, inappropriate civil actions—particularly after receiving direct guidance from both Judge Kearney and the Third Circuit—disqualify him from any equitable relief here.  *Untied States v. Delgado*, 363 Fed. App'x 853, 855 (3d Cir. 2010).

In this case, Plaintiff voluntarily dismissed his direct appeal on June 26, 2017. Even assuming Plaintiff's voluntary dismissal did not become final until ninety (90) days after the voluntary dismissal (on September 25, 2017), Plaintiff would have needed to file a § 2255 petition by September 25, 2018. *See Simmons* 731 Fed. App'x at 162, n. 5; *Latham v. United States*, 527 F.3d 651, 653 (7th Cir. 2008). Plaintiff was advised of this one-year statute of limitations period by both Judge Kearney and the Third Circuit. *See Simmons*, 731 Fed. App'x at 162 n.5. Instead of following this guidance, Plaintiff unsuccessfully petitioned the United States Supreme Court for certiorari and then filed the present action over one year later. Accordingly, even if this Court were to generously construe Plaintiff's present Motion as a § 2255 petition, such a claim is clearly time-barred.

**C. Plaintiff's claims lack any legal merit.**

Assuming arguendo that Plaintiff's Complaint was a timely § 2255 habeas petition, it fails to state a claim upon which relief can be granted. Contrary to Plaintiff's assertions both here and in his prior civil actions, the Court had jurisdiction over him during the Criminal Action. According to 18 U.S.C. § 3231, "[t]he district courts of the United States shall have original jurisdiction…of all offenses against the laws of the United States." "To confer subject matter jurisdiction upon a federal court, an indictment need only charge a defendant with an offense against the United States in language similar to that used by the relevant statute." *Scruggs*, 697 F.3d at 668. The indictments against Plaintiff—from the original indictment issued in December 2013 to the final Superseding Indictment entered in February 2015—clearly state that Plaintiff violated federal criminal statutes 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B). Thus, any challenge to this Court's subject matter jurisdiction fails.

Though Plaintiff describes himself as a "stateless person" who discharged his birth certificate (Response in Opposition 2), such claims are "'so attenuated and unsubstantial as to be

absolutely devoid of merit,…wholly insubstantial,…obviously frivolous,…plainly unsubstantial,…or no longer open to discussion.'" *Simmons*, 731 Fed. App'x at 161 n.2 (citing *Hagans v. Lavine*, 415 U.S. 528, 536-537 (1974)).  In fact, the Third Circuit stated, "Simmons's contention that the Uniform Commercial Code determines a court's jurisdiction in criminal proceedings is quite frivolous." *Id*. at 162 n.4 (citing *United States v. Velazquez*, 772 F.3d 788, 794 n.1 (7th Cir. 2014).  As stated in *Velazquez*, "[a]lthough we would have thought this point to be self-evident, a defendant's consent pursuant to the Uniform Commercial Code, which governs certain areas of <u>commercial</u> law, does not determine a court's jurisdiction in criminal proceedings.  Were it otherwise, the nation's prisons likely would be empty." *Velazquez*, 772 F.3d at 794 n.1 (emphasis in original).

## VI.   CONCLUSION

For the reasons outlined above, Defendants' Motion to Dismiss is granted.  Accordingly, Plaintiff's Complaint is dismissed with prejudice.

An appropriate Order follows.

BY THE COURT:

*/s/ C. Darnell Jones, II*
C. DARNELL JONES, II      J.